IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELIX J. ESQUIBEL,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No.  06-1485 (PLF) |
| V. ) | |
| ) | ECF |
| **MARIA CINO,** ) | |
| **Secretary, Dept. of Transportation** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Now comes the Defendant, Maria Cino, Secretary, Department of Transportation (DOT), by and through Counsel and hereby answers the Plaintiff's Complaint as follows:

### AFFIRMATIVE DEFENSES

### First Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Defense

Answering specifically the numbered paragraphs of Plaintiff's Complaint, using the same paragraph numbering, and without waiving any defenses and/or objections, Defendant admits, denies, or otherwise avers as follows:

1. Defendant admits only that Plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e et seq.  To the extent that the remaining allegations in paragraph 1 expresses plaintiff's contentions and conclusions of law, they do not require a response from the defendant.  To the extent an answer is required, deny.

2. To the extent that the allegations contained in paragraph 2 of plaintiff's complaint expresses a prayer for relief, it does not require a response from the defendant. To the extent an answer is required, deny.

3. Defendant admits the allegations contained in paragraph 3 of plaintiff's complaint.

4. To the extent that the allegations contained in paragraph 4 of plaintiff's complaint express plaintiff's contentions and conclusions of law, they do not require a response from the defendant. However, defendant admits that Maria Cino is the Acting Secretary of the Department of transportation and is located at 400 7th Street, SW, Washington, DC 20590.

5. Defendant admits the allegations contained in paragraph 5 of the plaintiff's complaint.

6. Defendant admits the allegations contained in paragraph 6 of the plaintiff's complaint.

7. Defendant admits the allegations contained in paragraph 7 of the plaintiff's complaint.

8. Defendant admits only that plaintiff initiated a timely informal EEO complaint against the DOT, Federal Aviation Administration (FAA), on December 7, 2004; that the Agency was unwilling to engage in Alternate Dispute Resolution (ADR); and that on January 9, 2005, plaintiff filed a formal EEO complaint, Case No. DOT-2005-18943-FAA-02. Defendant denies the remaining allegations contained in paragraph 8 of the plaintiff's complaint.

9. Defendant admits the allegations contained in the first three sentences of paragraph 9 of the plaintiff's complaint; and is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 9, and therefore denies them.

10. Defendant admits the allegations contained in paragraph 10 of the plaintiff's complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the plaintiff's complaint, and therefore denies them.

12. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the plaintiff's complaint, and therefore denies them.

13. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the plaintiff's complaint, and therefore denies them.

14. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the plaintiff's complaint, and therefore denies them.

15. Defendant specifically denies that plaintiff started working at the DOT/FAA as a GS-11 and is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 15 of the plaintiff's complaint, and therefore denies them.

16. Defendant admits the allegations contained in paragraph 16 of the plaintiff's complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the plaintiff's complaint, and therefore denies them.

18. Defendant denies the allegations contained in paragraph 18 of the plaintiff's complaint; except that defendant admits that the position advertised in FAA Vacancy Announcement Number AWA-AIR-04-AT40010-72564 was located in Washington, DC.

19. Defendant denies the allegations contained in paragraph 19 of the plaintiff's complaint.

20. Defendant admits the allegations contained in paragraph 20 of the plaintiff's complaint.

21. Defendant admits the allegations contained in paragraph 21 of the plaintiff's complaint.

22. Defendant admits only that plaintiff was informed that he had not been selected for the Quality Management Systems & Standards Specialist position in June 2004 and that plaintiff requested a debrief in December 2004; and deny the remaining allegations contained in paragraph 22 of the plaintiff's complaint.

23.  Defendant admits only that plaintiff filed a formal EEO complaint and denies the remaining allegations contained in paragraph 23 of the plaintiff's complaint.

24.  Defendant admits only that the selectee for the selectee for the Quality Management Systems & Standards Specialist position is Mr. Michael J. Lightbrown who is non-hispanic; and denies the remaining allegations contained in paragraph 24 of the plaintiff's complaint.

25.  Defendant denies the allegations contained in the first sentence of paragraph 25 of the plaintiff's complaint; and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 25.

26.  Defendant admits only that training and providing guidance to DOT/FAA personnel service-wide regarding quality management issues are responsibilities of the position at issue; denies the remaining allegation contained in the first sentence of paragraph 26; and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 26, and therefore denies them.

27.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the plaintiff's complaint, and therefore denies them.

28.  Defendant denies the allegations contained in the first sentence of paragraph 28 and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 28.

29.  Admit the allegations contained in paragraph 29 of the plaintiff's complaint.

30.  Deny the allegations contained in paragraph 30 of the plaintiff's complaint.

31.  Deny the allegations contained in paragraph 31 of the plaintiff's complaint.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the plaintiff's complaint, and therefore denies them.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the plaintiff's complaint, and therefore denies them. Defendant further states that Executive Order 13171 speaks for itself.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the plaintiff's complaint, and therefore denies them.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the plaintiff's complaint, and therefore denies them.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the plaintiff's complaint, and therefore denies them.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the plaintiff's complaint, and therefore denies them.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the plaintiff's complaint, and therefore denies them.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 39 of the plaintiff's complaint, and therefore denies them.

40. Defendant denies the allegations contained in paragraph 40 of the plaintiff's complaint.

41. Defendant denies the allegations contained in paragraph 41 of the plaintiff's complaint.

42. Defendant denies the allegations contained in paragraph 42 of the plaintiff's complaint.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the plaintiff's complaint, and therefore denies them.

44. Defendant denies the allegations contained in paragraph 44 of the plaintiff's complaint.

The balance of Plaintiff's complaint consists of the plaintiff's Prayer for Relief, which does not require a response. To the extent a response is required, deny.

Defendant denies each and every allegation in the Complaint that has not been previously otherwise qualified or denied. Defendant denies that plaintiff is entitled to the relief requested or any relief whatsoever.

WHEREFORE, the defendant having fully answered requests that plaintiff's complaint be dismissed, that costs be assessed against plaintiff, and for any other relief deemed just and proper.

Dated this 2nd day of November, 2006.

                                                      Respectfully submitted,

                                                      /s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                                      /s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

                                                      /s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-1334