UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FELIX J. ESQUIBEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-1485 (PLF) |
| V. | ) Joint Status Report due 9/14/07 |
| | ) ECF |
| MARIA CINO, | ) |
| | ) |
| Defendant. | ) |

**STIPULATED PRIVACY ACT AND CONFIDENTIALITY ORDER**

Subject to the Court's approval, plaintiff and defendant, by their undersigned counsel, hereby stipulate and agree that documents and information designated by counsel as protected shall be given protected material status, shall be disclosed only to counsel for the parties and to those persons designated in paragraph 5 below, shall be used solely for purposes of the above-captioned litigation including any appeals, and shall be further protected as set out herein.

1. Counsel for defendant is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11) to release to plaintiff's attorneys of record and the Court, government records or information derived from such records, pertaining to past or present federal employees, release of which would otherwise be prohibited by the Privacy Act, 5 U.S.C. § 552a. This release may occur without obtaining the prior written consent of the individuals to whom such records or information pertain. Such disclosure of records or information shall be subject to the provisions of paragraph 1 through 9 of this Stipulated Privacy Act and Confidentiality Order ("Stipulated Order").

2. Counsel for either party to this litigation may initially designate as "protected

information " hereunder any material or information produced during discovery in this case if counsel deems, in good faith, that release of such material would otherwise constitute an unreasonable invasion of privacy. Either party designating material as protected hereunder represents thereby that it has done so in good faith and pursuant to a bona fide belief that such materials are in fact confidential and deserving of protection. Counsel and parties are referred to Local Civil Rule 5.4(f) for typical examples of material deserving "protected" designation. For purposes of the instant litigation, examples of materials likely deserving "protected" designation include: documents that contain information regarding plaintiff's medical and mental health or documents involving the personal information of present or former employees of the government.

      3. Each party shall either mark the designated material as "Confidential" or "Privacy Act Protected," or shall designate in a letter to the other party those materials subject to this stipulation and order.

      4. If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth information that has been designated as subject to this Stipulated Order pursuant to paragraph two, including portions of deposition testimony or exhibits that contain, reference, or discuss information subject to this Stipulated Order, such filing, to the extent that it includes limited reference to protected information, may be filed on the public record in accordance with LCvR. 5.4(f); otherwise, the filing shall be made in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the title to this action, a brief description of the contents of such sealed envelope or container, and the words "under seal." Each party agrees that it will not oppose any motion to

seal filed by the other party for this purpose. The party who filed the document under seal shall file a redacted copy of the document on the public record within three business days of the original filing under seal.

     5. The parties' right of access to all materials designated as subject to this Order (unless the parties have agreed otherwise or the Court enters an Order permitting disclosure) shall be limited to the party, counsel for the party and their staff, consultants to the party, expert witnesses in their employ, any reporter recording the deposition testimony in this action, any outside contractors retained to duplicate, image, index, sort, or otherwise manage the storage and retrieval of case information, and any other person(s) mutually authorized by plaintiff and defense counsel to examine such materials. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court, and that it is to be used only for purposes of proceeding in this action and any appeals.

     6. Except as provided herein, no person having access to material designated as subject to this Order shall make public disclosure of those materials without further Order of the Court or written stipulation, signed by counsel for plaintiff and counsel for the defense.

     7. All documents and copies of documents designated as subject to this Order shall be destroyed or returned to opposing counsel at the conclusion of all trial and appellate proceedings in this case. If the documents are destroyed, the opposing party shall so notify designated counsel in writing. This provision shall not apply to (i) documents for which the designation under this Protective Order has been withdrawn or terminated, (ii) documents filed with the Court, and (iii) documents that have been introduced during depositions or at trial or that contain information that has otherwise become public.

8. Nothing contained in this Order shall be construed as precluding Plaintiff or Defendant from introducing materials, which are subject to this Order, or the contents thereof, at a deposition in this case or into evidence at the trial of this case. If however, these documents are to be used at trial, the Court may determine and direct at that time the extent to which confidentiality shall be protected.

9. Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by an Order of the Court. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

10. This Order is without prejudice to the rights of either party to seek from the Court a modification of this Order. If the opposing party disagrees with the designating party's designations and if the parties are unable to resolve the disagreement, the opposing party may seek an Order from the Court removing the disputed material from the protection of this Stipulated Order.

Respectfully submitted,

| /s/ | /s/ |
|---|---|
| MYRREL C. HENDRICKS, Jr., ESQ. | JEFFREY A. TAYLOR, |
| D.C. BAR # 291781 | D.C. BAR # 498610 |
| CHARLES W. DAY, ESQ. | |
| Gebhardt & Associates, LLP | United States Attorney |
| 1101 17th Street, N.W., Suite 807 | |
| Washington, DC 20036-4716 | |

Attys. For Plaintiff

/s/
_____
RUDOLPH CONTRERAS,
D.C. BAR # 434122
Assistant United States Attorney

_____/s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-1334

Attys. For Defendant

APPROVED:

_____
UNITED STATES DISTRICT JUDGE
Date: