## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELIX J. ESQUIBEL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. 06-1485 (PLF) |
| V. | ) |
| | ) ECF |
| **MARIA CINO,** | ) |
| **Secretary, Dept. of Transportation** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, Maria Cino, Secretary, Department of Transportation, respectfully moves pursuant to Fed. R. Civ. 56, for entry of summary judgment in Defendant's favor. In this case, Plaintiff alleges employment discrimination on the basis of race and national origin (Hispanic), arising out of a vacancy announcement at the Federal Aviation Administration (FAA) for a Quality Management System & Standards Specialist in Washington, D.C. Plaintiff was deemed qualified for the position but he along with others were not selected, from the certification list of eligibles, for an interview. Plaintiff cannot show that he was so much better qualified than the selectee that "no reasonable person, in the exercise of impartial judgment, could have chosen [the selectee]," over him, per <u>Ash v. Tyson Foods, Inc.</u>, 546 U.S. 454, 457 (2006). Accordingly, Defendant is entitled to summary judgment.

A memorandum in support of this motion (including a Statement of Material Facts) and a proposed order are attached.

Dated: March 13, 2008.

                                                                Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **FELIX J. ESQUIBEL,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No.  06-1485 (PLF) |
| V. | ) |
| | ) ECF |
| **MARIA CINO,** | ) |
| **Secretary, Dept. of Transportation** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

_____

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

In compliance with Local Rule 7(m), Defendant submits that the following facts are not in genuine dispute and they demonstrate that defendant is entitled to summary judgment:

1. Plaintiff is currently employed as an Operations Supervisor, Air Traffic Controller at the Kalamazoo Air Traffic Control Tower located in Kalamazoo, Michigan.  Complaint, 3. Plaintiff has worked for the FAA since 1988 and has been in the supervisory position since 1995.  Complaint, 15, 16.

2. In Mr. Esquibel's current position, he is responsible for the daily operation of Instrument Flight Rules and air traffic activities within Kalamazoo's delegated airspace. Complaint, 16.

3. Mr. Esquibel submitted his application, resume and knowledge, skills, abilities (KSA) statement for the Quality Management System & Standards Specialist position on March 17, 2004.  Complaint, 20.

4. Mr. Esquibel was not contacted for an interview for this position.  Complaint, 21.

5.	The selecting official, upon reviewing Plaintiff's application package, did not know that he was Hispanic. Defendant's Answers to Request for Admissions, no. 8.

>Respectfully submitted,
>
>/s/
>_____
>JEFFREY A. TAYLOR, D.C. BAR # 498610
>United States Attorney
>
>/s/
>_____
>RUDOLPH CONTRERAS, D.C. BAR # 434122
>Assistant United States Attorney
>
>/s/
>_____
>HEATHER D. GRAHAM-OLIVER
>Assistant United States Attorney
>Judiciary Center Building
>555 4th St., N.W.
>Washington, D.C. 20530
>(202) 305-1334

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELIX J. ESQUIBEL,** )<br>)<br>)<br>**Plaintiff,** )<br>) Civil Action No. 06-1485 (PLF)<br>**V.** )<br>) ECF<br>**MARIA CINO,** )<br>**Secretary, Dept. of Transportation** )<br>)<br>**Defendant.** )<br>) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### BACKGROUND

Plaintiff alleges race and national origin (Hispanic) discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., The Court should grant the Defendant's Motion for Summary Judgment because the Agency has articulated a legitimate, non-discriminatory reason for not selecting him for an interview from the applicant certification list of eligibles and the Plaintiff can offer no proof that the reason is pretext for discrimination. Accordingly, judgment should be entered in favor of the Defendant.

### ARGUMENT

**I.    STANDARD OF REVIEW**

    **A.    Summary Judgment**

Summary judgment is appropriate when the record shows that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322

(1986); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994).  In determining whether a genuine issue of material fact exists, the Court must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party.  Matsushita, 475 U.S. at 587.  The mere existence of a factual dispute, however, will not defeat summary judgment.  The non-moving party must show that the dispute is genuine and material to the case.  That is, the factual dispute must be capable of affecting the substantive outcome of the case and supported by sufficiently admissible evidence that a reasonable trier of fact could find for the non-moving party.  Anderson, 477 U.S. at 247-48; Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).  If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted."  Id. (citing Anderson, 477 U.S. at 249-50.  "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial[,] [and] [t]he moving party is 'entitled to judgment as a matter of law.'"  Celotex Corp., 477 U.S. at 323 (citations omitted).

      Mere conclusory allegations are not enough to survive a motion for summary judgment. Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993); Rowland v. Riley, 5 F. Supp.2d 1, 3 (D.D.C. 1998); Benn v. Unisys Corp., 176 F.R.D. 2 (D.D.C. 1997).  Likewise, an affidavit which merely recites conclusory allegations will not defeat summary judgment.  See Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990) ("The object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.").  As the Supreme Court has instructed: "the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of

2

an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### B. Discrimination Claim

In order to survive summary judgment, a plaintiff must produce some evidence to show that the Agency intentionally discriminated against him. Plaintiff may proceed using direct evidence of discrimination or under the now-familiar formula enunciated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981). Moreover, in Fogg v. Gonzales, 492 F.3d 447 (D.C. Cir. 2007), the D.C. Circuit held, *inter alia*, that the 1991 amendments to Title VII codified two alternative ways of establishing liability for intentional discrimination: (1) a single motive theory requiring that the plaintiff establish that discrimination was the "sole" or "but for" reason for the challenged employment action, brought under Section 2000e-2(a)(1)[1]; and (2) a "mixed-motive" theory requiring only that the plaintiff demonstrate that discrimination played a "motivating part" or was a "substantial factor" in the employment decision, brought under Section 2000e-2(m)[2]. See also Porter v. Natsios, 414 F.3d 13, 17-18 (D.C. Cir. 2005). No direct evidence of intentional discrimination or retaliation exists in this case. Accordingly, to prove his case, Plaintiff must meet all the elements of the McDonnell Douglas formula. See Barnette v. Chertoff, 453 F.3d

---

[1] 42 U.S.C. § 2000e-2(a)(1) which provides that it is an "unlawful employment practice" for an employer to discriminate against an individual "because of such individual's race, color, religion, sex, or national origin".

[2] 42 U.S.C. § 2000e-2(m) which provides that "an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice."

513, 515 (D.C. Cir 2006) (applying framework to ADEA claims); Carter v. George Washington University, 387 F.3d 872 (D.C. Cir. 2004).

If Plaintiff succeeds in establishing a prima facie case, the burden shifts to the Agency to articulate a legitimate, non-discriminatory reason for its actions. Id.; Burdine, 450 U.S. at 253; McDonnell Douglas, 411 U.S. at 802; Teneyck v. Omni Shoreham Hotel, 365 F.3d 1139, 1151 (D.C. Cir. 2004). Once the Agency has articulated a legitimate, non-discriminatory reason for its actions, the prima facie inference of discrimination drops from the case. St. Mary's Honor Center v. Hicks, 509 U.S. 507, 510-11 (1993); Burdine, 450 U.S. at 255; Carter, 387 F.3d at 878. Plaintiff then must prove that the Agency's proffered reason was not the true reason for its actions and was only a pretext for unlawful discrimination. Burdine, 450 U.S. at 253; McDonnell Douglas, 411 U.S. at 804; see also St. Mary's Honor Center, 509 U.S. at 507-08; Aka v. Washington Hospital Center, 156 F.3d 1284, 1289 (D.C. Cir. 1998). The burden of persuasion that discrimination motivated the Agency's actions remains at all times with Plaintiff. St. Mary's Honor Center, 509 U.S. at 507; Burdine, 450 U.S. at 253; Aka, 156 F.3d at 1289. It is the Plaintiff who has the burden of establishing, by a preponderance of the evidence, that "race, color, religion, sex, or national origin was a motivating factor for any employment practice." Desert Palace, Inc., v. Costa, 539 U.S. 90, 101 (2003), citing, 42 U.S.C. § 2000e-2(m); see also Teneyck v. Omni Shoreham Hotel, 365 F.3d 1139, 1155 (D.C. Cir. 2004).

Importantly, although "intermediate evidentiary burdens shift back and forth under [the framework established in McDonnell-Douglas Corp.,], 'the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the Plaintiff.'" Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143 (2000)

(quoting Burdine, 450 U.S. at 253.)

As demonstrated below, applying the governing procedural and substantive law to the undisputed facts of this case yields the conclusion that summary judgment should be entered for the Defendant and against Plaintiff's claims.

## I. THE AGENCY IS ENTITLED TO SUMMARY JUDGMENT BECAUSE IT HAS ARTICULATED LEGITIMATE, NON-DISCRIMINATORY REASONS FOR NOT SELECTING HIM FROM A CERTIFIED LIST OF ELIGIBLES FOR AN INTERVIEW

Plaintiff claims that Defendant discriminated against him based on his race and national origin (hispanic) because it did not select him from a list of eligible applicants for an interview. Although plaintiff was qualified for the position he was not one of the better qualified applicants and therefore did not receive an interview and ultimately did not receive the desired position.

Even assuming that Plaintiff can demonstrate a *prima facie* case of discrimination based upon national origin, Defendant can articulate a legitimate nondiscriminatory reason for its non-selection. See Tolson v. James, 315 F. Supp.2d 110, 114 (D.D.C. 2004) (Huvelle, J.). In a non-selection context, this Court previously observed that a plaintiff cannot establish pretext based on his own assessment of his performance because plaintiff's own subjective assessment of himself or his work is not relevant. Id. at 116 (internal citation omitted). "It is the perception of the decisionmaker which is relevant." Id. (citing Waterhouse v. Dist. of Columbia, 298 F.3d 989, 997 (D.C. Cir. 2002)). This Court also noted that it would "defer[] to the government's decision of what nondiscriminatory qualities it will seek in filling the position, because courts are not super-personnel departments that reexamine an entity's business decisions." Id. at 117 (citing Stewart v. Ashcroft, 352 F.3d 422, 429 (D.C. Cir. 2003)) (internal quotations omitted). This

Court also concluded that "[a]n employer has discretion to choose among qualified candidates for a position . . . and absent a demonstrably discriminatory motive, an employer's personnel decision – such as the choice of relevant qualifications – simply cannot be second-guessed." Id. 315 F. Supp. at 117 (citing Fischbach v. Dist. of Columbia, 86 F.3d 1180, 1183 (D.C. Cir. 1996)). See also Barnette, 453 F.3d at 517 (courts must defer to the employer's decision as to which qualities required by the job it weighs more heavily and refuse to assess the significance of small differences in substantive experience such as the subject matter of candidates work or length of service), citing Stewart at 429; Vasilevsky v. Reno, 31 F.Supp.2d 143, 150 (D.D.C. 1998)("Plaintiff's argument with respect to the comparison of her qualifications with those of the selected candidates truly misses the point. It is the plaintiff's duty to put forth evidence of discrimination not to 'quibble about the candidates' relative qualifications.'") (citation omitted); Simms v. Oklahoma et rel. Dept. of Mental Health and Substance Abuse Services, 165 F.3d 1321, 1329 (10th Cir. 1999) cert. denied, 528 U.S. 815 (1999).

      Here, Plaintiff was not selected from the list of eligibles because Defendant was looking for hands-on experience. National origin was not a factor. On or about February 23, 2004, vacancy announcement no 04-AT40010-72564 was issued for the position of Quality Management Systems & Standards Specialist, within the Aircraft Certification Service, Production & Airworthiness Certification Division, AIR-230, at FAA Headquarters in Washington, D.C. Plaintiff applied to that vacancy announcement. See Exhibit 1. Plaintiff was determined to be an eligible candidate and as a result was placed on a merit selection certificate applicable to current and former federal employees. See Exhibit 2.

      The selecting official, Ms. Juanita Young, received merit selection certificates from

6

Human Resources (HR) along with the applications of the candidates listed on the certificates. Young Deposition excerpts (Young Depo.) pp. 14-17. Mr. Esquibel was listed on one of the certificates.[3] See Exhibit 2. A three person panel was selected to conduct interviews and part of their responsibility was to decide who would be interviewed. Young Depo., p. 16, 31-32. Including Mr. Esquibel, there were a total of eleven (11) candidates on the merit selection certificate. Id. Of those eleven candidates, only two - Mr. Michael Lightbown and Mr. David Piszczek - were chosen for an interview. Id. Those two were chosen because from their application package, it was evident that they both had hands-on experience with establishing a quality management system and conducting audits. Young Depo., pp. 17-20; 32-35; 39; 41 - 42; 49; 52 - 53; 74. The FAA was looking for someone who had prior experience in generating a quality management system and who could oversee the Division's orderly and efficient transition from the old system to the new ISO 9000 system. Id., at 74 - 76; Exhibit 1, p.1. The decision to interview was based upon reading the the contents of the application package. Young Depo., p. 17. It was not apparent from Mr. Esquibel's application that he had hands-on experience with either establishing a quality management system or auditing. "For us not to have selected [Mr. Esquibel's] package, it wasn't really apparent that he had hands-on experience, . . . in establishing a quality management system, [or] having orchestrated one." Id., at 34, 37 - 67.

Moreover, Ms. Young did not know from Plaintiff's application materials that he was of Hispanic descent. See answers to admissions no. 8. The decision on who to interview was made solely by reading the applicant's applications. Defendant's Answers to Interrogatory Questions

---

[3] There was another merit selection certificate that Ms. Juanita Young used to identify candidates for the position. See Exhibit 3. Ms. Young picked two other individuals from that certificate for an interview. Mr. Esquibel was not on that certificate.

7

no. 11, 12. Hence, the Defendant clearly had a legitimate reason for not selecting the Plaintiff and it's actions in selecting Mr. Lightbown were devoid of discriminatory malice. See Application of Michael Lightbown, Exhibit 4.

## II.     PLAINTIFF'S SUBJECTIVE BELIEF ABOUT HIS OWN QUALIFICATIONS DOES NOT DEMONSTRATE PRETEXT.

A Plaintiff cannot satisfy his burden of demonstrating pretext "simply based on [his] own subjective assessment of [his] own performance." Waterhouse v. District of Columbia, 124 F. Supp. 2d 1. 7 (D.D.C. 2000), aff'd 298 F.3d 989 (D.C. Cir. 2002) (citing Smith v. Chamber of Commerce of the United States, 645 F.Supp. 604, 608 (D.D.C. 1986)). In the absence of any other evidence that would allow a jury to infer that discrimination took place, "slight questions of comparative qualifications do not warrant a jury trial." Walker v. Dalton, 94 F. Supp. 2d 8, 16 (D.D.C. 200). The court must respect the employer's unfettered discretion to choose among qualified candidates. "Title VII, it bears repeating, does not authorize a federal court to become 'a super-personnel department that reexamines an entity's business decisions.'" Barbour v. Browner, 181 f.3d 1342, 1346 (D.C. Cir. 1999) (quoting Dale v. Chicago Tribune Co., 797 F.2d 458, 464 (7th Cir. 1986), cert. denied, 479 U.S. 1066 (1987)).

Moreover, even if a plaintiff could show superior qualifications to the person selected, "the D.C. Circuit has recognized that courts 'may not "second-guess" an employer's personnel decision absent demonstrably discriminatory motive.'" Woodruff v. DiMario, 164 F. Supp 2d 1, 16 (D.D.C. 2001) (internal citations omitted), aff'd, No. 01-5321, 2002 WL 449776 (D.C. Cir. Feb 21, 2002). The U.S. Supreme Court recently cited with approval this Circuit's standard that superior qualifications may be probative of pretext if "a reasonable employer would have found

8

the plaintiff to be *significantly better qualified* for the job." Ash v. Tyson Foods, Inc., 546 U.S. 454, 457 (2006) (emphasis supplied) (citing Aka v. Washington Hosp. Ctr., 156 F.3d 1284, 1294 (D.C. Cir. 1998) (en banc)).  The Supreme Court also cited with approval the Eleventh Circuit's standard for pretext that "disparities in qualifications must be of such weight and significance *that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff* for the job in question."  Id. (emphasis supplied) (citing Cooper v. Southern Company, 390 F.3d 695 (11th Cir. 2004)).  The Court also cited a Ninth Circuit formulation of the standard, which permits an inference of pretext where the plaintiff's qualifications are "clearly superior" to those of the individual selected.  Id. (citing Raad v. Fairbanks North Star Borough School Dist., 323 F.3d 1185, 1194 (9th Cir. 2003)[4]).

     No such disparity exists in this case under any of these formulations of the standard.  All evidence shows that Plaintiff's qualifications on paper did not quite measure up to what the Agency was looking for.  Young Depo., at 34; 37 - 67.  The best that Plaintiff can do is point to his relative experience as a consultant, and his training; however, this is indisputably offset by the selectee's advantage of having established procedures and processes for a Quality Management System and his knowledge of how to maintain the system after it is set-up.  Defendant's Answers to Interrogatory Questions no. 11, 12.

     The selectee, Mr. Lightbown, was, at the time of his application, an aviation safety inspector, working within the Aircraft Certification Service and was knowledgeable of the current process and procedure.  Id., at no. 12.  While the Plaintiff was qualified, his application did not show that he was the better qualified applicant.  He works in air traffic control, a different

---

[4] Opinion amended on rehearing, No. 00-35999, 2003 WL 21027351 (9th Cir. May 08, 2003).

organization of the FAA.  Id., at 19.  Currently, he ensures that the rules and procedures are being adhered to by the air traffic control specialists and investigates a breach in quality assurance should there be a breach in the separation standards for aircraft.  Felix Esquibel Deposition, p. 17 - 20.  There is not a program in the air traffic system that deals with the ISO 9000 or the quality management system as a formal program.  He does not use the ISO 9000 on a day-to-day basis as a supervisor in air traffic control.  Id., at 27-29.  His expertise is limited to possessing certifications as a quality manager and quality technician.  Id., at 78 - 80.  When asked why he thought he could have performed the position that was advertised, he stated, " because that was my entire field of study for the last 15 years.  I [can not] believe that this vacancy was actually being advertised.  It was everything that I had trained for."  Id., at 80.   This level of expertise did not spark an interest with the selecting official.  Additionally, although he performed once as a subject matter expert in ISO 9000 quality control it was for a period of three months, for a for-profit organization called the John Henry Corporation, a manufacturer of over-the-counter drug labels.  Id., at 29; 33 - 34.

      Neither does Plaintiff have any direct experience in auditing a quality management system.  Id., at 67 - 69.  This was a key requirement for the FAA.  Id., at 17 - 20.  Plaintiff simply contends that "knowledge is more important than experience." Id., at 69.  Defendant has the right to respectfully disagree.  The undisputed evidence simply cannot be read to support the contention that Plaintiff was so much more qualified than Mr. Lightbown that no rational jury could believe that a reasonable employer must have selected Plaintiff over Mr. Lightbown.  The evidence throughout this case is consistent with this assessment.

## CONCLUSION

For the reasons set forth above, Defendant is entitled to summary judgment.

Accordingly, this action should be dismissed in its entirety with prejudice.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW - Civil Division
Rm. 4-4808
Washington, D.C. 20530
(202) 305-1334