UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELIX J. ESQUIBEL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.06-1485 (PLF) |
| v. | ) |
| | ) |
| **MARIA CINO,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**Instructions**

The following requests seek information presently in the possession, custody, control, or knowledge of Defendant and their employees, including information contained in or on any documents as defined below or any other things known or available to the Defendant, its employees, attorneys, investigators, agents, or any other person acting with or on the Defendant's behalf. All responses will be deemed to reflect the knowledge of the Defendant, and all responses to the Interrogatories should indicate the person principally responsible for providing the information contained in the response.

These requests are continuing in nature and require prompt supplementation or modification should Defendant acquire any additional information relating in any way to the requests after the date of response. If Defendant lacks any information necessary to answer any of the requests, describe the specific efforts made by Defendant or anyone on their behalf to ascertain the information, and state when Defendant anticipates obtaining

the information. Any additional information must be furnished to Plaintiff's undersigned counsel promptly after it is acquired.

In answering these requests, identify people by their full name, title, office, last known address, and telephone number. When identifying any document, describe it with reference to its title or caption, the date it was produced or signed, the name of the person who prepared or signed it, and the subject it addresses or its purpose. When describing a statement or oral communication, indicate the date and place it occurred, the manner of communication, the identity each person who participated in or was present during or heard any part of the communication, the substance of what was said by each person participating in the communication, and all writings that record, summarize, confirm, or in any manner refer to the communication.

If you choose to respond to these requests by producing documents pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and these documents exist in electronic format, then your responses are to be produced in electronic format, along with the record layout and documentation of coded fields (data dictionary), to the extent it exists. All electronic database materials should be transmitted as either comma delimited or fixed length format text files. If the comma delimited file format is chosen, the first record in the file should contain the field names. If the fixed length format is chosen, a separate document should be provided which identifies each field name, type, and length, and, if numeric, the appropriate decimal location. Your response should also be produced in hard-copy on standard 8.5 x 11 inch paper.

If the requested information or document is known to have existed, but no longer exists or is no longer in Defendant's possession, custody, or control, identify its last known custodian and state the date upon which it was lost or destroyed or otherwise became unavailable.

As to any request to which Defendant asserts an objection, please fully describe the grounds for the objection so as to provide the Court and Plaintiff a full and reasonable basis to understand and evaluate such objection. If Defendant intends to withhold any information under a claim of privilege, identify the type of material being withheld, its general subject matter, the date it was prepared or signed, and additional information as is needed to reference the item without revealing the material claimed as protected, including, where appropriate, the author, addressee, custodian,

any other recipients, and the respective relationships of these individuals. If any information contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without disclosing the privileged material. If any document has been redacted or altered in any fashion, make the redaction or alteration clear, and state the reason for the alteration, indicate the date of the alteration, and identify the person who made the alteration.

If Defendant objects to the production of any information on the ground that production is unduly burdensome, provide Plaintiff's counsel with a written, detailed description of the burden or expense of production in a prompt and timely manner to assure that Plaintiff's responses are provided within the allotted time. If Defendant believes any of these requests are unclear or ambiguous, please provide Plaintiff's counsel with a written request for additional clarification in a prompt and timely manner to assure that Defendant's responses are provided within the allotted time. Plaintiff will respond to any concern in the form of a Supplemental Discovery Request. Plaintiff will seek to address any concern in the spirit of ABA Civil Discovery Standards 5, 11, and 12.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant's responses to these Interrogatories must be made under oath, must be signed by the person making the response, and must be provided to undersigned counsel within 30 days, i.e., by [June 3, 2007]. See Fed. R. Civ. P. 33(b)(1)-(3).

## Definitions

1. <u>Defendant</u>: means the Department of Transportation ("DOT"), the Federal Aviation Administration ("FAA") and any division thereof, including their employees, attorneys, representatives, investigators, agents, or any other person acting with or on their behalf.

2. <u>Employee</u>: means any person assigned to perform some duty on behalf of any Defendant, whether paid or unpaid, including professors, administrators, staff, students, and interns.

3. <u>Person</u>: means a natural person or any business, legal entity, government entity, or association.

4. <u>Document</u> or <u>Record</u>: means any written or otherwise recorded graphic matter of any type or nature and any electronically stored information as defined in Rule 34(a) of the Federal Rules of Civil Procedure. Accordingly, the terms include any: written, printed, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any type or nature however produced or reproduced, whether sent or received, including, but not limited to, all records, memoranda, emails, reports, financial statements, business records, handwritten and other notes, transcripts, papers, letters, envelopes, faxes, telegrams, cables, telex messages, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, diaries, lists, log books, comparisons, surveys, charts, graphs, books, pamphlets, articles, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, regulations, minutes, or transcriptions of notations, meetings or telephone conversations or other communications of any type, photographs, microfilms, tapes, discs, data cells, drums, computer programs and printouts, video-recordings or other data compilations from which information can be obtained.

5. <u>Communication</u> or <u>Correspondence</u>: means transmittal of information by any means.

6. <u>Concerning</u>: means regarding, relating to, referring to, describing, evidencing, or constituting.

7. The present tense includes the past and future tenses. Words in the singular and plural tenses are interchangeable; the masculine, feminine, and neuter forms are interchangeable. The terms "all" and "any" mean "any and all"; "and" and "or" encompass both "and" and "or." The word "including" means "including, but not limited to."

## Interrogatories

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, please serve responses to the following Interrogatories:

1. State the name, race, position title, pay grade, address, and telephone numbers of every person believed to have knowledge of the issues raised in Plaintiff Felix J. Esquibel's Complaint, along with a summary of the knowledge they are believed to possess and their involvement, if any, in promulgating and processing Vacancy Announcement AWA-AIR-04-AT40010-72564 ("Vacancy Announcement"), and/or evaluating and

Mr. Paskiewicz had conversations with Ms. Young, to the extent that he accepted the recommendations from the interview panel.

10. Describe the date, place, and substance of any and all communications related to the issues raised in Plaintiff Felix J. Esquibel's Complaint, other than privileged communications with Defendant's attorneys, between Mr. Seibel, Ms. Wright, Ms. Young and/or any other DOT/FAA employee between March 2004 and December 2004. The Response must include a detailed description of any communications Mr. Seibel, Ms. Wright, and Ms. Young had with one another regarding the Vacancy Announcement, the Position at Issue, the selection for that Position, or Plaintiff Felix J. Esquibel.

**Relative to Mrs. Juanita Young, there was no communication with anyone concerning Mr. Esquibel that she can remember.**

**Relative to Mr. James Seipel, there was no communication with anyone concerning Mr. Esquibel that he can remember. He does recall Mr. Esquibel calling to ask about the selections that had already taken place. Ms. Young was on leave at the time of the call.**

**Ms. Tammy Wright does not work for the FAA.**

11. State each and every reason why Defendant did not select Plaintiff Felix J. Esquibel for the Position at Issue and/or why he was deemed unqualified for the Position, and identify the individuals responsible for making these decisions and the extent of their involvement in that decision.

**Based upon the submissions received and evaluated Defendant did not get considered to be interviewed. Defendant was looking for someone with hands on experience in establishing a Quality management system and who also had detailed auditing experience.**

12. State each and every reason why Defendant selected Michael Lightbown for the Position at Issue and why he was deemed qualified for the Position, and identify the individuals responsible for making these decisions and the scope of their involvement in that decision.

**Based on review of the internal certification listing, four application packages were identified that possess hands-on experience relative to**

10

auditing and/or establishment of Quality Systems and/or putting process and procedures in place that result in operating to and compliance with a Quality System. These persons were identified for interviews. Based on the information contained in their application packages and the information shared during their interview Mr. Michael Lightbown was deemed the Best Qualified and selected for the position. The individuals responsible for making these decisions were based on the recommendations of the interview panel (Ms. Carol Driscoll, Mr. Scott Horn, and Mrs. Juanita Young) and the approving official Mr. Frank P. Paskiewicz who sat in on the interviews. The person responsible for the selection was Mrs. Juanita Young and Mr. Frank P. Paskiweicz as the selecting and approving officials.

Additionally, with the hiring of Mr. Lightbown the learning curve was drastically reduced because we hired a person who was already knowledgeable of the current process and procedure within Aircraft Certification Service.

At the time we were seeking to hire someone who possessed hands-on auditing experience; experience developing processes and procedures for maintaining the system; as well as experience setting up Quality Systems. However, the ability to maintain the system once it was set-up was a more relevant and pressing need. The Service had already budgeted and planned to hire a consultant to assist in setting-up the Quality Management System. A consultant was used because the Service saw this as a more temporary need.

13. State the race, national origin, color, sex, age, and prior EEO activity of any other applicant on the best qualified list.

Will supplement as to prior EEO activity. We have no way of telling race, national origin or age as that information is not kept. It is not requested on any application form.

14. State whether the Agency, any of its employees, including but not limited to Ms. Young, called or otherwise checked references for any individual, who applied for the Position at Issue. For each instance where references were checked, please state the name of the individual applicant, the name and contact information of the reference, and summarize the conversation between the Agency and the reference.

11

18. Describe in detail Plaintiff Felix J. Esquibel's work duties and responsibilities for every position he held within the DOT/FAA from 1988 and the present, including any alterations in those duties and responsibilities.

**See attached at Tab 18. The previous position descriptions that Plaintiff worked are not maintained by the Agency. The only information that the FAA has is Mr. Esquibel's employment history, which is attached.**

19. Explain how the work duties and responsibilities described in response to Interrogatory 18 were different from or similar to the work duties and responsibilities of the Position at Issue.

**See attached at Tab 18. HR does not know other than what is provided in Tab 18. Esquibel currently works in a different organization in another part of the country. It is unknown what the difference is in terms of work. We do not maintain a Position Description for previous jobs.**

20. List any and all formal or informal counselings, complaints, or disciplinary actions of any kind whatsoever involving Mr. Seibel, Ms. Young, and Ms. Wright, stating the name of the complainant, the nature of the complaint, and the disposition or resolution of the complaint. The Response must include, but should not be limited to, any EEO Complaints that identified these individuals as a complainant, an offending official, or a witness.

> **No system of records is kept responsive to the request in terms of complaint filed against a particular individual. There is no record of complaints filed by Seipal, Young or Wright. Objection as to relevancy particularly with respect to Mr. Seipel and Ms. Wright.who were not invoved in the selection process for the relevant position. Without waiving the objection:**
>
> **Ms.Young recalls two EEO complaints that she was involved with. Allen Wiggs, was a white male and Betty Hailey, a black female. Both of the complaints were dismissed against her. Both were race discrimination claims.**

13

Human Resource Policy Manual (HRPM) Table of Contents

https://employees.faa.gov/org/staffoffices/ahr/policy_guidance/hr_policies/hrpm/hrpmtoc/#emp

19. Any other documents, paper or electronic, related to or responsive to the allegations in Plaintiff's Complaint, other than those included in the Record of Investigation.

**The Defendant has produced all documents related or responsive to this complaint.**

20. All exhibits the Agency intends to use in a summary judgment motion or at the trial on Plaintiff Felix J. Esquibel's Complaint.

**The documents listed exchanged and gathered during discovery.**

Respectfully submitted,

/S/
_____
JEFFREY A. TAYLOR,
D.C. BAR # 498610
United States Attorney

/S/
_____
RUDOLPH CONTRERAS,
D.C. BAR # 434122
Assistant United States Attorney

/S/
_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW - Civil Division
Rm. 4-4808

19

        Washington, D.C.  20530
        (202) 305-1334

**Of Counsel:**
**Raymond A. Martinez, attorney**
**FAA, Personnel and labor Law Staff**

## VERIFICATION

I, James Davis Seipel, declare under penalty of perjury under the laws of the United States that the foregoing Defendant's responses to Plaintiff's Interrogatories are true and correct based upon my knowledge, information and belief and based upon information provided by past and present employees of the Federal Aviation Administration and records maintained by the Agency.

- Interrogatories: Questions 1,2,3,4,5,8,9,10,11,12,14, 16, 17, 20, 22, & 23.
- Request for Production of Documents: Question 8 (provided a 2007 AIR-200 Org. Chart) and 16.
- Request for Admissions: Questions 2, 3, 4, 5, 7, 8, 14, 15, 16, 19, 20, 21, 22, 24, 25, & 28.

_____          11-16-07
James D. Seipel                          Date