UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| FELIX J. ESQUIBEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1485 (PLF) |
| | ) |
| RAY LAHOOD, Secretary, United | ) |
| States Department of Transportation, | ) |
| | ) |
| Defendant.[1] | ) |

OPINION

This employment discrimination matter is before the Court on the parties' cross motions for summary judgment. After careful consideration of the parties' papers, the attached exhibits, the relevant case law, and the entire record in the case, the Court will deny plaintiff's motion for summary judgment and will grant defendant's motion for summary judgment.[2]

I. BACKGROUND

On February 23, 2004, the Federal Aviation Administration ("FAA") posted a vacancy announcement for a Quality Management Systems & Standards Specialist. See Mot.,

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes as the defendant the current Secretary of the Department of Transportation, Ray LaHood, for the former Secretary, Maria Cino.

[2] The papers submitted in connection with these motions include: Plaintiff's Complaint ("Compl."); Defendant's Motion for Summary Judgment ("Mot."); Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Cross Motion for Summary Judgment ("Opp."); Defendant's Reply to Plaintiff's Opposition and Opposition to Plaintiff's Cross-Motion for Summary Judgment ("Def.'s Rep."); and Plaintiff's Reply Brief in Support of Motion for Summary Judgment ("Pl.'s Rep.").

Ex. 1 ("Vacancy Announcement") at 1.[3]  The position required, among other skills, knowledge of a particular quality management system (the ISO 9000), and skills in guiding an organization's transition to the ISO 9000 standard.  See id.  As with other vacancies, the FAA Office of Human Resources Management initially reviewed the applications to determine whether the applicants met the minimum qualification requirements.  See Def.'s Rep., Ex. B (Declaration of Norma C. Bonewitz) ¶ 4.  That Office then reviewed the knowledge, skills, and abilities ("KSAs") of the applicants who met the minimum qualification requirements and ranked the best qualified candidates.  See id.  The top candidates then were placed on the "competitive selection list" and their names were forwarded to management.  See id.  Juanita Young, then a manager of quality assurance at the FAA, organized an interview panel of herself and two other FAA managers to review the applications forwarded from Human Resources.  See Mot., Deposition of Juanita Young ("Young Dep.") at 4, 7-9.

Plaintiff Felix J. Esquibel has worked as an FAA Area Supervisor since 1994. See Opp., Ex. 2 (Deposition of Felix J. Esquibel ("Esquibel Dep.")) at 15-17.  Plaintiff submitted an application for the vacant position to the FAA.  See Esquibel Dep. at 38-39.  Plaintiff's name was one of eleven names submitted by the Office of Human Resources Management to the interview panel, but he was not invited to interview for the position.  See Mot., Ex. 2 (Merit Selection Certificate) at 1.  The interview panel did invite two other applicants to interview for the position and ultimately selected Michael J. Lightbown.  See id. at 1-2.  Plaintiff is Hispanic.

---

[3]   Though neither party defined "quality management systems" in their pleadings, it appears that the term refers generally to a set of management methodologies, the purpose of which is to achieve and maintain a standard level of quality in a particular field.  See Mot., Ex. 1 at 1.

See Esquibel Dep. at 46-47.  Mr. Lightbown is not.  See Mot., Ex. 5 (Answers to Requests for Admissions) ¶ 7.  Plaintiff now brings suit with respect to his non-selection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., alleging that the FAA unlawfully discriminated against him based on his race and national origin.

## II. STANDARD OF REVIEW

Summary judgment may be granted only if "the pleadings, the discovery and disclosure materials on file, and any affidavits [or declarations] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006).  "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination."  Holcomb v. Powell, 433 F.3d at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248).

An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb v Powell, 433 F.3d at 895.  When a motion for summary judgment is under consideration, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. Potomac Elec. Power Co., 447 F.3d 843, 849-50 (D.C. Cir. 2006); Aka v. Washington Hosp. Ctr., 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*); Washington Post Co. v. U.S. Dep't of Health and Human Servs., 865 F.2d 320, 325 (D.C. Cir. 1989).  On a motion for summary

judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

The non-moving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations or other competent evidence setting forth specific facts showing that there is a genuine issue for trial. See FED. R. CIV. P. 56(e)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The non-moving party is "required to provide evidence that would permit a reasonable jury to find" in his favor. Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50; see Scott v. Harris, 550 U.S. 372, 380 (2007) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'") (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). To defeat summary judgment, a plaintiff must produce more than "a scintilla of evidence to support his claims." Freedman v. MCI Telecomms. Corp., 255 F.3d 840, 845 (D.C. Cir. 2001).

### III. ANALYSIS

#### A. Summary Judgment Under Title VII

Plaintiff asserts that the FAA violated Title VII by not hiring him because of his race and national origin.[4] Absent direct evidence of discrimination, his disparate treatment claim

---

[4] Title VII provides, in pertinent part, that "[a]ll personnel actions affecting employees or applicants for employment . . . in executive agencies . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a).

must be analyzed under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See Barnette v. Chertoff, 453 F.3d 513, 515 (D.C. Cir. 2006). Traditionally, within that framework, plaintiff must first establish a *prima facie* case of discrimination.  See Teneyck v. Omni Shoreham Hotel, 365 F.3d 1139, 1149 (D.C. Cir. 2004). Doing so creates a rebuttable presumption of discrimination and "triggers the employer's burden to produce admissible evidence that, if believed, would establish that the employer's action was motivated by a legitimate, nondiscriminatory reason."  Id. at 1151.  If the employer meets this burden, all presumptions drop away and the Court must address the ultimate question: "whether intentional discrimination may be inferred from all the evidence before the trier of fact," including any evidence that the employer's asserted reasons are pretextual.  Id.

The United States Court of Appeals for the District of Columbia Circuit recently made clear that a "district court need not — *and should not* — decide whether the plaintiff actually made out a prima facie case under McDonnell Douglas" at the summary judgment stage if the plaintiff "has suffered an adverse employment action, and [the defendant] has asserted a legitimate, non-discriminatory reason for the decision."  Brady v. Office of the Sergeant at Arms, 520 F.3d 490, 494 (D.C. Cir. 2008) (emphasis in original).  The Court continued:

> Rather, . . . in those circumstances, the district court must resolve one central question:  Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of [any statutorily prohibited factors, such as race or national origin]?

Id.  In this case, plaintiff suffered an adverse employment action when he was not selected, and defendant has asserted a legitimate non-discriminatory reason for not selecting plaintiff for the

vacant position.  Accordingly, the Court will consider the parties' arguments about the proffered reason.[5]

### B. Defendant's Proffered Legitimate Non-Discriminatory Reason

Juanita Young, one of the members of defendant's interview panel explains that the panel was "looking for someone with hands-on experience in the Quality Management System and also a person who had detailed auditing experience."  See Def.'s Reply, Ex. A (Declaration of Juanita Young ("Young Decl.")) ¶¶ 2-3.  The interview panel selected certain persons to be interviewed because they "had the skills we were looking for," — namely, "[t]hey had quality management, established quality management systems, overseen quality management systems, audited quality management systems and contractors, their process and procedures and specifications. . . as well as detailed auditing."  Young Dep. at 17, 19.  Ms. Young stated that plaintiff was not selected for an interview because "he did not have the necessary hands-on experience in setting up a quality management system or the detailed experience in auditing that we were looking for."  Young Decl. ¶ 3.

Defendant has proffered evidence to show that it had a legitimate non-discriminatory reason for plaintiff's non-selection — that the plaintiff did not possess two of the desired job skills: hands-on experience in quality management systems and detailed experience in auditing.  Plaintiff argues that this reason is pretextual because defendant also hired an outside

---

[5]  The Court notes defendant's assertion that at least one member of the interview panel did not know of plaintiff's race or national origin at the time that she reviewed his application.  See Mot., Statement of Material Facts Not in Dispute ¶ 5.  Plaintiff has not filed a statement admitting or denying defendant's asserted facts.  Accordingly, the Court may take this fact as conceded, see L. Civ. R. 7(h), thereby creating substantial doubt about plaintiff's ability to establish a *prima facie* case of discrimination.

contractor who had hands on experience in quality management systems to assist the selectee. Plaintiff also argues that his qualifications were so superior to the selectee's that only discriminatory intent could explain his non-selection.  The question before the Court is whether, drawing all reasonable inferences in his favor, plaintiff has produced sufficient evidence for a reasonable jury to find that defendant's asserted non-discriminatory reason was not the actual reason, and that the FAA discriminated against plaintiff on the basis of his race and national origin.  See Brady v. Office of the Sergeant at Arms, 520 F.3d at 494.

### C. Plaintiff's Attempt to Show Pretext

#### 1. The Outside Contractor

Plaintiff argues that a reasonable jury could conclude that the FAA's asserted reason for not hiring him is pretextual because, while the FAA claims that the hands-on experience requirement was important, after making its selection for the vacant position the FAA also hired an outside contractor to set up the new quality management system.  See Opp. at 15–16; Young Dep. at 72.  According to plaintiff, by hiring the contractor, the defendant eliminated the need for its selected candidate to have hands-on experience in quality management systems.  While plaintiff is entitled to have all reasonable inferences drawn in his favor, the Court finds that the record evidence does not support plaintiff's conclusion.

In her deposition, Ms. Young stated that while the outside contractor was responsible for setting up the quality management system, the selectee's experience was necessary because the contractor did not have specific knowledge about the FAA office, and the two individuals needed to work together to accomplish the transition to the ISO 9000 system.

See Young Dep. at 72-73.  She explained that "[t]he contractor doesn't understand our system. He doesn't understand our Office."  Id. at 73.  Moreover, once the system was set up, and the contractor had finished his or her work, the selectee would be responsible for maintaining the new system.  See id. at 72-73.  Ms. Young stated that they had "made a decision [we] were going to hire a contractor to take care of much of the interfacing with the quality management rep in setting up the system . . . . [T]he primary goal [for the selectee] is after everything is set up, then it has to be maintained. . . . [T]he contractor was responsible to set up, but [the selectee] was assisting. . . [The selectee] was instrumental in the hands on in helping the contractor set up and organize."  Id.  Plaintiff has not proffered any evidence that raises a material issue of fact regarding this explanation.  See Moncada v. Peters, 579 F. Supp. 2d 46, 55 (D.D.C. 2008) ("A plaintiff that offers only 'mere speculation[]' to refute the employer"s proffered legitimate, non-discriminatory reason, however, fails to create a genuine issue of material fact to avoid summary judgment.") (quoting McKenzie v. Principi, 54 Fed. App'x 1, 3 (D.C. Cir. 2002)). Thus, the mere fact that the FAA hired an outside contractor to assist Mr. Lightbown would not permit a reasonable jury to conclude that the FAA harbored discriminatory animus.

In further support of defendant's argument that the hands-on experience requirement was not pretextual, Ms. Young stated in her declaration that she did not know that an outside contractor would be hired when the panel decided who would be interviewed to fill the vacancy.  See Young Decl. ¶ 4.[6]  Plaintiff argues that Ms. Young's disavowal of the knowledge

---

[6]  In fact, after the panel selected Mr. Lightbown, he was transferred out of Ms. Young's branch of the FAA and placed under the supervision of Mr. Frank Paskiewicz.  See Young Decl ¶ 4.  Ms. Young had no involvement in the hiring of the contractor.  See id. Conversely, Mr. Paskiewicz had no part in reviewing applications and choosing which applicants would be interviewed.  See id.

that a contractor would be hired is "patently false" because the FAA's interrogatory responses "indicate that the Agency budgeted for, and thus planned to hire an outside contractor to perform the 'hands-on' implementation of the system" before the selection process occurred. Pl.'s Rep. at 13; see also Mot., Ex. 6 ¶ 12. The evidence that the FAA budgeted to hire a contractor does not raise a genuine issue of material fact as to Ms. Young's statement that *she* did not know of this fact. Cf. Montgomery v. Chao, 495 F. Supp. 2d 2, 16 (D.D.C. 2007) (granting summary judgment where argument advanced by plaintiff to show pretext lacked support in the record). Accordingly, the Court finds that the employment of the contractor does not support a finding that defendant's proffered legitimate non-discriminatory reason was pretextual.

### 2. Comparative Qualifications

Plaintiff also argues that he was more qualified than the selectee and that this difference shows pretext. As Judge Bates recently noted, however, a "plaintiff asserting that an employer's explanation is pretextual based upon comparative qualifications faces a formidable task." Nyunt v. Tomlinson, 543 F. Supp. 2d 25, 39 (D.D.C. 2008). "[I]n order to justify an inference of discrimination, the qualifications gap must be great enough to be inherently indicative of discrimination." Id. (quoting Jackson v. Gonzales, 496 F.3d 703, 707 (D.C. Cir. 2007)). In this case, any gap between plaintiff's qualifications and the selectee's qualifications is not great enough to be indicative of discrimination. The record shows that plaintiff possesses a Masters degree and had worked at the FAA since 1988, in addition to his various other qualifications. See Esquibel Dep. at 13, 22. The record also reveals that Mr. Lightbown possesses a Bachelors degree, and had worked at the FAA since 1991. See Mot., Ex. 4

(Lightbown Application). Having carefully considered the record evidence bearing on plaintiff's and Mr. Lightbown's respective qualifications, the Court concludes that plaintiff is "simply not discernibly better" than Mr. Lightbown, Stewart v. Ashcroft, 352 F.3d 422, 429 (D.C. Cir. 2003), and "[c]ourts should not second-guess or reexamine hiring decisions involving close choices between qualified candidates." Nyunt v. Tomlinson, 543 F. Supp. 2d at 39. It would be inappropriate for this Court to act as a "super-personnel department" and substitute its own evaluation of the candidates' qualifications for defendant's. Moncada v. Peters, 579 F. Supp. 2d at 56; see also Barbour v. Browner, 181 F.3d 1342, 1346 (D.C. Cir. 1999). The Court finds that a comparison of Mr. Lightbown's and the plaintiff's qualifications does not demonstrate pretext.

## IV. CONCLUSION

For the reasons explained above, defendant's motion for summary judgment is granted, and plaintiff's cross motion for summary judgment is denied. An Order consistent with this Opinion shall issue this same day.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: March 31, 2009